UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:24-cv-20803-Gayles

RICHARD SIMRING,
for himself and all others
similarly situated,

      Plaintiff,

v.

LVNV FUNDING LLC,

      Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff Richard Simring, for himself and all others similarly situated, sues Defendant LVNV Funding LLC. and alleges:

### Parties, Jurisdiction, and Venue

1. Plaintiff is a Florida citizen.

2. LVNV Funding LLC is a Delaware corporation.

3. This Court has federal question jurisdiction under the National Bank Act.

4. Venue is proper here because the causes of action accrued in this judicial district.

### General Allegations

5. On July 21, 2023, LVNV sued Plaintiff in county court in Miami-Dade County, Florida in an action styled, *LVNV Funding, LLC v. Richard Simring*, No. 2023-078389-SP-24 (the "Collection Action"). A copy of the Statement of Claim is Exhibit 1 hereto.

6. The Collection Action was preceded by various written and oral communications from LVNV and its representatives -- in writing, by email, by text message, and by voice message

-- informing Plaintiff that he owed a total of $999.13 on his credit card that included interest calculated at a rate in excess of 25% per annum.

7. LVNV does not have a written agreement from Plaintiff or the Class members allowing LVNV to charge in excess of 18% interest (or the maximum rate in other states).

8. Moreover, LVNV never received an assignment of Plaintiff's cardmember agreement (or those of the Class) from the originating creditor.

9. LVNV is not a national bank.

10. LVNV owns other consumer debts of Plaintiff, including a debt to Macy's department store in the amount of $1,400, that LVNV currently is seeking to collect in writing, by email, by text message, and by telephone (but has not yet filed suit). *See* Exhibit 2 hereto. Again, LVNV is attempting to collect a debt that includes interest calculated at a rate in excess of 25%.

11. All conditions precedent required to file this action have been performed, have been waived, or would be futile to perform.

12. Plaintiff has agreed to pay his counsel a reasonable fee for his services.

## **Class Allegations**

13. Plaintiff brings this action on his own behalf and as Class Representative pursuant to Florida Rule of Civil Procedure 1.220.

14. The members of the Class are only those debtors of LVNV who citizens of the United States at the time were they obtained credit and when collection activities occurred.

15. The Class is defined as:

> All United States citizens who were subject of collection activities by LVNV Funding LLC, including the letters, emails, text messages, phone calls, voice messages, and legal actions seeking to collect debts that included interest calculated at a rate greater than 18% per annum.

The Simring Law Group
2750 Taylor Avenue • Suite A-10 • Orlando, FL 32806
Tel: 954-816-2417 • www.simringlawgroup.com

16. Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the class definition and to define sub-classes.

17. Excluded from the definition of the Class are persons affiliated with LVNV; the Court; and persons within third degree of relationship to the Court, including spouses of such persons.

18. The members of the Class are so numerous that joinder is impracticable.

19. There are questions of law and fact which are common to the Class, and which predominate over questions affecting any individual Class member.

20. The common questions are, among other things, (i) whether LVNV collected usurious debts from Plaintiff and the Class members in the past and (ii) whether LVNV continues and will continue to collect debts from consumers that include interest calculated at a rate greater than 18% per annum in the future.

21. Plaintiff will fairly, adequately, and aggressively protect the interests of the Class.

22. The prosecution of separate actions by individual Class members could result in conflicting or incompatible standards of conduct for LVNV, may impair or impede the interests of other Class members, and would result in undue judicial waste and inefficiency.

23. This class action is superior to other available methods for the fair and efficient adjudication of this controversy and the proposed Class is manageable.

### Count I
### Usury and Loansharking

24. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

25. This is an action for violation of Chapter 687, Florida, which authorizes a private right of action for usury. *See* § 687.147(1), Fla. Stat. ("Any borrower injured by a violation of this

act may bring an action for recovery of damages … plus reasonable attorney's fees and costs. An award may also be entered for punitive damages.").

26. LVNV violated section 687.071(2), Florida Statutes, because LVNV sought to collect, and continues to seek to collect from Plaintiff and the Class, a debt that includes interest in excess of 18% per annum. *See* 687.071(2), Fla. Stat. ("[I]t shall be usury and unlawful for any person, or for any agent, officer, or other representative of any person, to reserve, charge, or take for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest[.]").

27. In addition, because LVNV sought to collect interest in excess of 25%, it is a "loan shark." *See* 687.071(1)(f), Fla. Stat. (defining "loan shark" is defined as a person who lends money in violation of, among other things, section 687.071(2)); § 687.071(2), Fla. Stat. ("Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.").

28. LVNV is required to return all the interest recovered from Plaintiff and the Class in the last four years. *See* § 687.04, Fla. Stat. ("Any person, or any agent, officer, or other representative of any person, willfully violating the provisions of s. 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity

29. Plaintiff and the Class have been directly and proximately damaged.

**Count II**
**Violation of the Florida Deceptive and**
**Unfair Trade Practices Act**

30. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

31. This is an action for violation of Chapter 501, Florida Statutes.

32. LVNV obtained an assignment of Plaintiff's debt that originated with another credit card company but LVNV never received an assignment of the corresponding cardmember agreement, and thus LVNV violated and continues to violate, section 501.204, Florida Statutes, because it is loan sharking on a massive scale to delinquent Florida consumers by illegally seeking to collect, and collecting, interest on debts in excess of 25% and even though it never received an assignment of the underlying cardmember agreement with the borrowers.

33. LVNV thus has no consent to charge borrowers interest in excess of 18% and its actions in seeking to do so are unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

34. LVNV is not a bank, credit union, or savings and loan association regulated by either the Florida Office of Financial Regulation or federal agencies.

35. Plaintiff and the Class have been directly and proximately damaged.

**Count III**
**Violation of the Florida**
**Communications Fraud Act**

36. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

37. This is an action for violation of the Florida Communications Fraud Act, which provides for both civil and criminal remedies. *See* § 817.034(4)(d), Fla. Stat. ("Notwithstanding any other provision of law, a criminal action or civil action or proceeding under this section may be commenced at any time within 5 years after the cause of action accrues[.]").

The Simring Law Group
2750 Taylor Avenue • Suite A-10 • Orlando, FL 32806
Tel: 954-816-2417 • www.simringlawgroup.com

38. Each letter, email, and text message sent by LVNV to Plaintiff and the Class was a "communication" as defined in the FCFA.

39. The contractual rights of Plaintiff and the Class contained in the cardmember agreements with the originating creditor were intangible "property" as defined in the FCFA.

40. The value of the property taken by LVNV was, at a minimum, $300 under the valuation formula set forth in section 817.034(1)(e)(2), Florida Statutes ("If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $300.").

41. Moreover, LVNV's illegal actions constitute a "scheme to defraud" in violation of section 817.03(4) of the FCFA because they were a systematic, ongoing course of conduct with intent to defraud the Class members and to obtain their property by false or fraudulent pretenses and deceptive communications.

42. Plaintiff and the Class have been directly and proximately damaged.

### Count IV
### Violation of the Florida Consumer
### Collection Practices Act

43. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

44. This is an action for violation of the Florida Consumer Collection Practices Act, sections 559.55 to 559.785, Florida Statutes

45. LVNV violated section 559.72(9), Florida Statutes, because LVNV knew that the debt it were attempting to collect from the Class were unsupported by consideration because the underlying cardmember agreements were not assigned to LVNV and also because LVNV was seeking to collect usurious interest that constituted loansharking.

46. Plaintiff and the Class have been directly and proximately damaged.

## Count V
## Malicious Prosecution

47. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

48. LVNV filed the Collection Action against Plaintiff.

49. The Collection Action was terminated in Plaintiff's favor.

50. LVNV lacked probable cause to file the Collection Action because, among other things, it did not receive an assignment of the underlying cardmember agreement from the original credit card issuer and also because it sought to collect usurious interest without consent.

51. LVNV acted with legal malice.

52. Plaintiff and the Class have been directly and proximately damaged.

## Count VI
## Declaratory Judgment

53. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 23.

54. This is an action for declaratory relief under 28 U.S.C. § 2201 that (i) LVNV was not assigned Plaintiff's cardmember agreement from the originating creditor and (ii) LVNV sought to collect a usurious debt from Plaintiff that constituted "loan sharking" under Chapter 687, Florida Statutes.

55. There is a bona fide, actual, present practical need for a declaration.

56. The declaration being sought concerns a present, ascertained, or ascertainable set of facts or present controversy as to a state of facts; is not being sought for legal advice or mere curiosity; concerns an immunity, power, privilege or right of the Plaintiff that is dependent on the facts or law applicable to the facts; and all antagonistic and adverse interests are before the Court.

57. Plaintiff has no adequate remedy at law

The Simring Law Group
2750 Taylor Avenue • Suite A-10 • Orlando, FL 32806
Tel: 954-816-2417 • www.simringlawgroup.com

**Prayer for Relief**

**WHEREFORE,** Plaintiff requests that the Court:

a. Certify the Class;

b. Award general damages;

c. Award special damages for the total interest paid by the Class to LVNV pursuant to settlements, judgments or other collection activities to LVNV;

d. Award additional damages of $500,000 to the Class under § 559.77(2);

e. Declare that that (i) LVNV was not assigned Plaintiff's cardmember agreement from the originating creditor and (ii) LVNV sought to collect a usurious debt;

f. Enjoin LVNV from collecting consumer debts that contain usurious interest;

g. Award attorneys' fees under §§ 501.2105, 559.77, and 687.147(1), Fla. Stat.;

h. Award costs of suit; and

i. Grant such further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

**Request for Speedy Hearing**

Pursuant to Rule 57, Plaintiff requests a speedy hearing.

Respectfully submitted,

**THE SIMRING LAW GROUP**
*Counsel for Plaintiff and the Putative Class*
2750 Taylor Avenue, Suite A-10
Orlando, FL 32806
Tel: 954-816-2417
Email: matthew@simringlaw.com

By: */s/ Matthew Simring*
    Matthew R. Simring
    (Florida Bar No. 175102)