UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:24-cv-20803-Gayles

RICHARD SIMRING, *et al.*,

    Plaintiffs,

v.

LVNV FUNDING LLC,

    Defendant.
_____/

**RESPONSE TO LVNV'S MOTION TO COMPEL ARBITRATION; CROSS-MOTION TO DEFER RULING PENDING ARBITRATION-SPECIFIC DISOCVERY**

Plaintiff, Richard Simring responds to LVNV's motion to compel arbitration [D.E. 21], and cross-moves to defer ruling by the Court pending arbitration-specific discovery.

The legal issue before the Court is relatively straightforward but there is a disputed question of fact as to whether the cardholder agreement between Plaintiff and the original creditor, Credit One Bank, N.A., was ***actually conveyed*** to LVNV.

This determination simply cannot be made on the record before the Court.

The Amended Complaint alleges that LVNV violated state usury laws and that it is not a national bank (and thus not protected by the National Bank Act) and does not have an assignment of the original cardholder agreement (and thus cannot argue that Plaintiff consented to apply the law of Nevada or another state that has no usury limitation. *See* Amended Complaint, ¶¶ 8-9.

In response to these allegations, LVNV moved to compel arbitration under the ***very same*** cardholder agreement that Plaintiff alleges was ***not*** assigned to LVNV and that it does not possess.

The motion to compel arbitration attempts to put the usury rabbit into the arbitration hat.

But the Court should not be misdirected by the illusion.

The issue of whether Plaintiff's cardmember agreement with Credit One was assigned to LVNV is a threshold factual determination relevant to both the procedural issue of whether an arbitral agreement exists in the first instance and the ultimate issue on the merits of whether LVNV committed usury. A decision on one means a decision on the other. The declarations submitted by LVNV in support of arbitration, those of Michael Wiese (D.E. 21-1) and Patricia Sexton (D.E. 21-6), seem designed more to obscure than elucidate the issue.

The declarations are *photocopies* of those originally submitted by Credit One on April 1, 2024. D.E. 8 (Wiese) and D.E. 9 (Sexton). Neither declarant works for LVNV; Wiese works for Credit One (D.E. 21-1 ¶ 1) and Sexton is employed by Resurgent Capital Services, LP (D.E. 21-6 ¶ 1). There is no explanation why LVNV did not submit its *own* declarations in support of its *own* motion to compel arbitration but rather declarations of non-employees.

According to Sexton and Wiese, after Credit One charged off Plaintiff's account, it was assigned *five separate times*, ultimately ending up at LVNV, as depicted below. *See* D.E. 21-9.



Sexton uses different language to described what was assigned, referring to it variously as an "account," (¶ 2), "pool of accounts" (¶ 4), "assigned accounts" (*id*.), "pool of assigned accounts" (¶ 5), "electronic data" (¶ 7), and an "electronic file" (*id*.).

The assignments themselves, four of which curiously bear the same date (raising a question of why the "account" was not just assigned directly from Credit One to LVNV given that all of the intervening assignees are affiliates of LVNV), also use ambiguous language -- such as "receivables and other assets" -- making it impossible to determine if the cardholder agreement was specifically included in what was conveyed by the assignments; the absence of the word "cardholder agreement" in the assignments only further adds to the confusion. *See generally* D.E. 21-9.

Sexton's knowledge and authority to speak for LVNV is also questionable. First, she contends that Resurgent is the "master servicer and authorized agent" for LVNV, even though she does not attach the master servicer agreement or identify how Resurgent is related to LVNV. *See* D.E. 21 ¶ 1. Sexton also claims to have a "limited power of attorney to act [for] LVNV with respect to the account of Richard Simring," but does not attach the power of attorney. These inadequacies in proof and inconsistencies between documents and testimony create genuine issue of fact. *See Haston v. Resurgent Cap. Servs., L.P.,* No. CV 20-1008, 2020 WL 7490231, at *5 (W.D. Pa. Dec. 21, 2020) ("The term 'Accounts' is not defined in the Bill of Sale and Defendants have not provided the referenced Notification Files or the Forward Flow Accounts Purchase Agreement. …Defendants point to no averments in the complaint, documentation, or other evidence detailing LVNV's subsequent retention of Resurgent to service and manage accounts receivable, including Plaintiff's Account, or Resurgent's retention of Frontline for the same purpose. Defendants' failure to proffer evidence of the nature, scope, and material terms of the assignments described in Ms. Hannigan's Declaration, as well as the scope and material terms of the retentions of Resurgent and

Frontline referenced by both her and Ms. Palmer, warrants limited discovery on those issues.").

This Court must determine whether "the making of the agreement for arbitration [is] in issue." 9 U.S.C. § 4.

"It is ...well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 288 (2010). "[W]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotation marks omitted). Indeed, a court may not compel the parties to settle their dispute in arbitration absent an arbitration agreement. *Id.*

A "summary judgment-like standard" is appropriate for determining the existence of an arbitration agreement. *Id.* at 1333. A district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only "if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* (internal quotation marks omitted).

Here, LVNV does not contend that it is entitled to enforce the cardholder agreement as a third-party non-signatory. Rather, LVNV's sole contention is that Plaintiff's cardholder agreement was assigned to LVNV, and that LVNV assumed the obligations thereunder, making LVNV a party in privity with Plaintiff that has standing to invoke the arbitration clause. The issue of whether LVNV is party to an arbitrable agreement with Plaintiff is material. The resolution of this issue depends on whether LVNV **actually received** an assignment of Plaintiff's cardholder agreement. Although Sexton testifies in one sentence that is buried in paragraph 8 of her declaration that LVNV was "provided" with the cardholder agreement, D.E. 21-6 ¶ 8, this single line of testimony (which is not referenced in LVNV's motion, making the motion difficult to

comprehend) seems dubious, at best, and genuinely in dispute, not only because of the inherent credibility issues surrounding Ms. Sexton -- given that she does not work for LVNV and was not involved in the underlying sale of Plaintiff's account -- but also because (i) the language of the assignments themselves is ambiguous; (ii) LVNV does not explain why it did not attach the cardholder agreement to the Statement of Claim when it sued Plaintiff in small claims court if it had a copy in its possession (D.E. 1-4); (iii) LVNV did not have its own employee testify that it received Plaintiff's cardholder agreement; and (iv) neither Wiese nor Sexton have any knowledge of the ***intervening*** assignments and whether Plaintiff's cardholder agreement was included in the electronic date files transmitted to and from each assignee.

Accordingly, the Court should defer ruling on LVNV's motion to compel arbitration and authorize Plaintiff to take limited arbitration-specific discovery to find out whether Plaintiff's cardholder agreement was, ***in fact***, assigned to LVNV.

Deferral and discovery are supported by case law within the Southern District and in other circuits and would make the record of any appeal more complete. *See Sizemore v. Zhao*, 686 F. Supp. 3d 1262, 1264 (S.D. Fla. 2023) ("The parties seem to agree that there are three categories of discovery at play here: arbitration-related discovery; jurisdictional discovery; and merits discovery. After the Defendants filed their Motion to Stay, the parties told us that they now *agree* "BAM will provide Plaintiffs with appropriate arbitration-related discovery," and we have ordered BAM to do just that. So, the question of arbitration-related discovery seems to have been resolved."); *Jones v. Carmartfl.com*, 22-20910-CIV, 2022 WL 4599055, at *2 (S.D. Fla. Sept. 30, 2022) ("This lackadaisical attempt leaves the Court with no proof that Carmart was ever reassigned its right to arbitrate. … [t]he Court defers ruling on the Defendant's motion until the Court has had the opportunity to review any additional material that would establish CrediFlash's

reassignment of its rights to Carmart."); *Travelers Prop. Cas. Co. of Am. v. Kinetic Cutting Sys., Inc.*, No. 3:15-CV-456-J-20PDB, 2015 WL 12857091, at *2 (M.D. Fla. June 24, 2015) ("The documents forming the agreement are arguably ambiguous as to whether Kinetic Engineering Design LTD was a party. … Because the defendant uses the asserted fact that Kinetic Engineering Design LTD was a party to the agreement to support its motion to compel arbitration … limited discovery on that issue in the form of Peugh's deposition is warranted.").[1]

The limited arbitration-specific discovery Plaintiff seeks is as follows:

### A. Depositions

- Representative of LVNV;
- Representative of Credit One;
- Michael Wiese; and
- Patricia Sexton

### B. Documents and Communications

- Documents and communications between an among LVNV, Credit, and the intervening assignees relating to the five assignments and the original cardholder agreements; and
- Documents and communications between LVNV and third parties relating to the five assignments and the original cardholder agreements

---

[1] *Accord Anfibio v. Optio Sols. LLC*, No. CV 20-11146, 2022 WL 2358389, at *4 (D.N.J. June 30, 2022 ("Neither party provides a detailed recitation or documentary support of the circumstances by which Defendant benefited from or succeeded to Lessor's or Fusion's interest in the Agreement. Accordingly, the Court will deny Defendant's motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability. Thereafter, Defendant may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard."); *Palmer v. Mary Jane M. Elliot, P.C.,* No. 20-13209, 2021 WL 1626355, at *2 (E.D. Mich. Apr. 27, 2021 ("Specifically, she seeks to place in issue whether the right to compel arbitration was validly assigned from Barclays Bank Delaware to Defendant Midland Funding, LLC. Whether such an assignment occurred is doubtless material, as Defendants have asserted that Barclay's sold and assigned Plaintiff's debt and accompanying contract—which included the right to compel arbitration—to Midland Funding, LLC. If that sale and assignment were somehow defective, it could well undermine the theory that Defendants have presented for requiring arbitration."); *Kennedy v. LVNV Funding LLC,* No. CV1810695JMVCLW, 2019 WL 1789477, at *2–3 (D.N.J. Apr. 24, 2019) ("Defendants' failure to provide proof of succession or assignment warrants additional discovery. … The Court … orders limited discovery on whether Defendants succeeded in or were assigned Credit One's right to collect on Plaintiff's Debt under the Agreement. After limited discovery, Defendants may file a renewed motion to compel arbitration, which the Court will review under a Fed. R. Civ. P. 56 standard.").

### C. Inspection of Original Electronic Data Files and Records

- Inspection of the date file allegedly containing Plaintiff's cardholder agreement that was received by LVNV;
- Inspection of date file(s) allegedly containing Plaintiff's cardholder agreement that were transferred between or among Credit One and the five assignees.

Accordingly, the Court should defer ruling on LVNV's motion to compel arbitration and authorize Plaintiff to take limited arbitration-specific discovery, after which LVNV should allowed to file a motion for summary judgment on its affirmative defense of arbitration.

Respectfully submitted,

**THE SIMRING LAW GROUP**
*Counsel for Plaintiff and the Putative Class*
2750 Taylor Avenue, Suite A-10
Orlando, FL 32806
Tel: 954-816-2417
Email: matthew@simringlaw.com

By: */s/ Matthew Simring*
    Matthew R. Simring
    (Florida Bar No. 175102)